# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD C. BACON, JR.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM B. KOLENDER, San Diego Sheriff, and COUNTY OF SAN DIEGO,<br><br>　　　　　　Defendants. | Civil No.　05cv0310 BTM (PCL)<br><br>**ORDER ENTERING PARTIAL JUDGMENT FOR COUNTY OF SAN DIEGO AND SHERIFF KOLENDER IN HIS OFFICIAL CAPACITY** |

**I.**

**Procedural History**

Before the Court is Plaintiff Arnold Bacon's First Amended Complaint ("FAC"), filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983 [Doc. No. 45]. On December 8, 2006, Defendants filed their first Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 [Doc. No. 65]. After reviewing all papers filed, both in opposition to and in support of Defendants' Motion, the Court granted in part and denied in part Defendants' Motion. *See* Sept. 6. 2007 at 21-22. However, at the time of trial, Defendants expressed confusion as to the claims that remained against Defendant Kolender in his individual capacity. Thus, the Court granted Defendants' request for a continuance of the trial and permitted leave for Defendants to file an

additional Motion for Summary Judgment to resolve the remaining issues prior to trial. *See* June 23, 2008 Order at 1.

On July 25, 2008, Defendants filed their second Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 [Doc. No. 129]. The Court advised Plaintiff of his rights and obligations to oppose Defendants' Motion pursuant to *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988) and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc). Plaintiff filed his Opposition [Doc. No. 133], to which Defendants Replied [Doc. No.137].

The Court, after reviewing all the papers submitted by all parties, granted Defendant Kolender's Motion for Summary Judgment in his individual capacity as to Plaintiff's Access to Courts claim, Fourth Amendment strip search claims, Fourteenth Amendment right to personal security claims and Fourteenth Amendment right to privacy claims. *See* Dec. 18, 2008 Order at 13. However, Defendants had failed to move for summary judgment with regard to Defendant Kolender in his official capacity and the County of San Diego for those same claims. Because it appeared that summary judgment would be appropriate for Defendants, the Court ordered Plaintiff to show cause why judgment should not be entered for Sheriff Kolender in his official capacity and the County of San Diego after finding that Plaintiff's constitutional rights were not violated by the policies in question. *Id.* at 12-14.

Plaintiff filed his response to the Court's Order to Show Cause on February 2, 2009 and Defendants filed their response on February 6, 2009 [Doc. Nos. 150, 151].

## II.

### ORDER TO SHOW CAUSE

Here, Plaintiff attempts to re-open the issue of whether the policies in his First Amended Complaint violated his constitutional rights. The Court has already decided in its previous Orders that there was no triable issue of material fact to show that these policies, with the exception of the decision to house Plaintiff with penal detainees, violated Plaintiff's constitutional rights. *See* Sept. 6, 2007 Order at 21-22; *see also* Dec. 18, 2008 Order at 13-14. The purpose of this OSC is not for the Plaintiff or Defendants to continue to argue the issue of

whether there is a triable issue of material fact that these policies violated Plaintiff's constitutional rights. That issue has been decided.

The issue before the Court is whether partial judgment for Sheriff Kolender in his official capacity and the County of San Diego should be entered because there can be no liability against them if the underlying policies were not found to violate Plaintiff's constitutional rights. A public entity cannot be held liable for the implementation of an underlying policy unless a civil rights violation stemmed from the enforcement of a municipal policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)).

In *Monell*, the United States Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible under § 1983." *Id.* Because the Court has found that there is no triable issue of material fact to show that Defendant Kolender violated Plaintiff's constitutional rights with respect to the specific policies as stated above, there can be no municipal liability on the part of the County of San Diego as to these policies. "[T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell*, 436 U.S. at 691. Moreover, a claim against a municipal officer such as Sheriff Kolender in his official capacity is equivalent to a claim against a municipality. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

In Plaintiff's response to the OSC, he fails to address the issue of municipal liability. In fact, his entire response to the OSC contains arguments that were contained in his original Oppositions to Defendants' prior Motions for Summary Judgment.

Accordingly, the Court will enter partial judgment in favor of the County of San Diego and Sheriff Kolender in his official capacity as to all claims except for the one remaining claim to be decided at trial. Defendant Kolender was found to have qualified immunity in his individual capacity with regard to the decision to house Plaintiff with penal detainees in 2003. *See* Sept. 6, 2007 Order at 20-21; *see also Jones*, 393 F.3d at 933 (holding that a civil detainee

awaiting adjudication is entitled to conditions of confinement that are not punitive.). However, neither Defendant Kolender in his official capacity nor the County of San Diego are entitled to qualified immunity with respect to this decision to house Plaintiff with penal detainees. A municipality, such as the County of San Diego, and its employees sued in their official capacity, like Sheriff Kolender, "may not assert a qualified immunity defense to liability under Section 1983." *Hallstrome v. City of Garden City*, 991 F.2d 1473 (citing *Owen v. City of Independence*, 445 U.S. 622, 638 (1980)).

## III.

## Conclusion and Order

Based on the foregoing, the Court hereby:

The Court enters summary judgment in favor of the County of San Diego, and Sheriff Kolender in his official capacity as to Plaintiff's access to courts, Fourth Amendment strip search, Fourteenth Amendment right to personal security and Fourteenth Amendment right to privacy claims.

**IT IS SO ORDERED.**

DATED: March 2, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge